IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MINOR CHILD**, *WBH, by and through Ryan Harrington and Ashley Harrington, his Parents and Next Friends*,<br><br>*Plaintiff*,<br><br>v.<br><br>**BOARD OF TRUSTEES OF THE GEORGIA MILITARY COLLEGE**,<br><br>*Defendant*. | **CIVIL ACTION NO.**<br>**5:20-cv-00042-TES** |

**ORDER DENYING DEFENDANT'S
MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Plaintiff, a minor child, filed this lawsuit alleging that Defendant, the Board of Trustees of the Georgia Military College, discriminated against him and failed to accommodate his disability in violation of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973. [Doc. 1 at ¶¶ 108–42]. Plaintiff also claimed that Defendant violated his state and federal constitutional rights when it failed to provide him with due process prior to forcing his parents to withdraw him from school. [*Id.* at ¶¶ 143–61]. In hopes to right these alleged wrongs, Plaintiff moved the Court for injunctive relief on the basis that "he would suffer irreparable harm if he were not permitted to complete his secondary education at Defendant's public school." [Doc.

20 at p. 2]; *see also* [Doc. 8]. The very next week, the Court commenced a hearing. [Doc. 11].

Within moments of starting the second day of the hearing on Plaintiff's Motion for Preliminary Injunction [Doc. 8], counsel for Plaintiff informed the Court that Defendant made an offer during the Court's recess in hopes of settling this case. [Doc. 25, Hearing T., p. 3:12–20]. Plaintiff's counsel stated that the offer was "respectfully declined," but further advised that a counteroffer was presented for Defendant's consideration. [*Id.*]. Because Defendant had not yet responded to Plaintiff's counteroffer, the parties asked the Court for additional time to continue negotiations. [*Id.*].

For more than seven hours, the parties negotiated. [Doc. 15 at p. 2]. Later that same evening, Plaintiff's counsel informed the Court that the parties had come to an "agreement in principle." [*Id.*]. The agreement allowed Plaintiff "to continue his education through online learning." [Doc. 25, Hearing T., p. 5:18–19]. Once Plaintiff completed his online learning, Defendant agreed to reflect the completion on his transcript, and then "[u]pon completion of requirements for a . . . diploma, [Plaintiff would] be permitted to participate in certain senior events, including prom and graduation." [*Id.* at p. 5:18–23]. The parties "worked out some of the details regarding [Plaintiff's] participation" at these and other school-affiliated events. [*Id.* at p. 5:23–24]. One such event, was the Battalion Ball, and these "participation details," the Court assumes, concern the status by which Plaintiff would attend this event. Under the terms

2

of the parties' negotiations, Plaintiff would be permitted to attend the Battalion Ball "as a guest of a cadet," after following the "proper channels . . . for submission and approval." [Doc. 21-3 at p. 1]. As promised, Plaintiff attended the Battalion Ball, and to the extent Plaintiff now takes issue with his attendance "as a guest," he has no reason to do so. Telephone Conference at 3:24.54–3:25.02; 3:25.11–3:25.33, *Minor Child v. Bd. of Trs. of the Ga. Military Coll.*, No. 5:20-cv-00042-TES, May 19, 2020. Defendant fully adhered to the negotiated terms and permitted Plaintiff's attendance "as a guest" (as opposed attendance as a regular student). This was their agreement. *Id.* at 3:25.34–3:25.37; *see also* [Doc. 21-3 at p. 1 ("may attend as a guest")].

In addition to the purported agreements made regarding Plaintiff's transcript[1] and school events, the parties agreed that Defendants would make "good faith efforts to include [Plaintiff] in the yearbook[,]" and that both parties would "work on a joint statement . . . explain[ing] the events at issue in this litigation." [Doc. 25, Hearing T., pp. 5:24—6:2]. Lastly, there was a monetary payment in the amount of $16,001.00, that would "serve[ ] as somewhat of a reimbursement" to Plaintiff and his parents "for the costs . . . paid to reach this point." [*Id.* at p. 6:4–7].

After hearing the detailed terms, the Court instructed the parties that unless a problem arose with the settlement resolution, Defendant would not need to file an

---

[1] Or "transcripts"—Plaintiff contends that Defendant did not disclose all relevant transcripts during settlement negotiations.

Answer to Plaintiff's Complaint [Doc. 1]. [Doc. 15 at p. 2]; [Doc. 25, Hearing T., pp. 6:15–7:8]. In light of the settlement details communicated to the Court, it terminated Plaintiff's Motion for Preliminary Injunction as moot and instructed the parties to provide the final settlement agreement to the Court by March 2, 2020. [Doc. 15 at p. 2]; [Doc. 25, Hearing T., pp. 6:14–15, 8:13–14]; [Doc. 14].

After two extensions of this deadline, Plaintiff filed a Motion to Enforce [Doc. 20] because the parties "remained unable to arrive at a written agreement." [Doc. 17]; [Doc. 19]; [Doc. 20 at p. 2]. Contemporaneously with its Response [Doc. 21] to Plaintiff's Motion to Enforce, Defendant filed its own enforcement motion. *See* [Doc. 22]. With dueling Motions to Enforce from the parties, the Court scheduled a telephone conference for May 19, 2020.

During the telephone conference, the Court inquired how Plaintiff could have a pending Motion to Enforce as well as a renewed Motion for Preliminary Injunction [Doc. 29]. Telephone Conference at 3:05.09–3:05.22, *Minor Child v. Bd. of Trs. of the Ga. Military Coll.*, No. 5:20-cv-00042-TES, May 19, 2020. In response to the Court's inquiry, Plaintiff's counsel stated that "as the briefing . . . continued on the dueling motions to enforce, . . . it became clear . . . that . . . there is a dispute . . . not merely about wrapping up the settlement agreement but . . . whether or not the parties agreed to material terms . . . in the first place." *Id.* at 3:05.22–3:05.53. Essentially, because Plaintiff now takes the position that the parties never made an enforceable settlement agreement, he explained that he

4

filed the renewed request for injunctive relief and would "appreciate the opportunity to . . . proceed with the . . . injunction motion." *Id.* at 3:06.14–3:06.37. Based on this clarification, the Court asked whether Plaintiff would like to withdraw his Motion to Enforce, to which Plaintiff's counsel replied, "I think at this point, that would be appropriate Your Honor." *Id.* at 3:06.38–3:06.47. Accordingly, the Court granted Plaintiff's oral motion to withdraw his Motion to Enforce Settlement Agreement. *Id.* at 3:06.48–3:06.50; [Doc. 31].

Now, all that remains for resolution, at this time, is Defendant's Motion to Enforce Settlement [Doc. 22]. Obviously, Defendant contends that there is an enforceable settlement agreement, but Plaintiff, now taking the contrary position—that there is nothing yet to enforce in "an agreement in principle"—points out that there were several issues that the parties had not had the opportunity to "fully flush out." Telephone Conference at 3:08.00–3:08.14, *Minor Child v. Bd. of Trs. of the Ga. Military Coll.*, No. 5:20-cv-00042-TES, May 19, 2020. Namely, the written agreement itself that was, according to Plaintiff, "a critical term to the agreement in principle, [and] one that the parties were not able to ultimately . . . decide on." *Id.* at 3:08.17–3:08.34. Generally speaking, Plaintiff contends that because the parties have failed to execute a written settlement agreement, one of the major terms of their agreement in principle isn't met, and their "agreement to agree" on several other terms is unenforceable. [Doc. 24 at p. 2 (citing *Kreimer v. Kreimer*, 552 S.E.2d 826, 829 (Ga. 2001))].

In support of its Motion, Defendant astutely notes to the Court that "[i]deally, the writing requirement will be met by a formal agreement signed by the parties[,]" but there are times when terms memorialized by counsel's handwritten notes, "will suffice" under Georgia law to create a binding settlement agreement. [Doc. 22-1 at p. 2 (citing *Scott v. Carter*, 521 S.E.2d 835, 837 (Ga. Ct. App. 1999))]; *see also* [Doc. 21-3 (demonstrating counsel's handwritten "Terms")]. Here, we certainly have those handwritten notes. However, there are simply too many essential terms left undiscussed.

In arguing against enforcement, Plaintiff states that because there hasn't been "full disclosure . . . as to what transcripts existed" there "can't possibly be a meeting of the minds" to enforce settlement. Telephone Conference at 3:12.18–3:13.2, *Minor Child v. Bd. of Trs. of the Ga. Military Coll.*, No. 5:20-cv-00042-TES, May 19, 2020. Since the parties were not able to jointly execute a formal, written agreement (which, by Plaintiff's stance, is a key term of their settlement) to resolve any transcript-related issues, it appears that the parties did not agree to all of the essential terms.

While at least one term of the purported settlement agreement has been fully satisfied (Plaintiff's attendance at the Battalion Ball), many of the remaining essential terms do not—contrary to the parties' statements made to the Court on February 19, 2020—appear to be finalized. In sum, as it stands now, there is too much "materiality" left unresolved and too much uncertainty surrounding those material details in order for the Court to conclude that, as a matter of law, it can determine the parties' "agreement in

principle." If the Court is going to enforce a settlement, it must be able to clearly articulate the complete terms if that settlement, and, on this record, the Court cannot do so. Accordingly, the Court **DENIES** Defendant's Motion to Enforce Settlement. [Doc. 22].

Previously, the Court advised the parties that Defendant would have 20 days to file its Answer to Plaintiff's Complaint if it denied Defendant's Motion to Enforce. [Doc. 25, Hearing T., pp. 6:15—7:8]. However, because time is clearly of the essence in this case, Defendant will have **14 DAYS** from the date of this Order to file an Answer or otherwise respond to Plaintiff's Complaint and renewed Motion for Preliminary Injunction.

**SO ORDERED**, this 1st day of June, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**